UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: 7/27/21              │
└─────────────────────────────────┘
```

Marco Martinez Roman,

               Petitioner,

      –v–

Thomas Decker, *et al.*,

               Respondents.

20-cv-6752 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Before the Court is Petitioner Marco Martinez Roman's motion to enforce, filed on November 5, 2020. For the reasons that follow, this motion is DENIED.

I.   BACKGROUND

On August 21, 2020, Mr. Martinez filed a Petition for a Writ of Habeas Corpus, which challenged the constitutionality of the bond hearing he received before an Immigration Judge on February 25, 2020. *See generally* Dkt. No. 1. Specifically, he argued that the bond hearing was constitutionally inadequate because the Immigration Judge placed the burden on him to establish his eligibility for release, failed to consider alternatives to detention and his ability to pay the bond, and failed to "weigh[] as a factor in determining suitability for release" Mr. Martinez's "vulnerability to COVID-19." *Id*. at 23. On September 25, 2020, the Court conditionally granted in part Mr. Martinez's Petition and ordered Respondents to provide him with a bond hearing before an Immigration Judge at which the Government would bear the burden of establishing, by clear and convincing, his dangerousness or risk of flight. Dkt. No. 11. The Court further ordered that the Immigration Judge consider alternative conditions of release and Mr. Martinez's ability to pay. *Id.*

1

On September 28, 2020, Mr. Martinez received the bond hearing ordered by this Court in its September 25, 2020 Opinion and Order. *See* Dkt. No. 16-1. At the outset of that hearing, the Immigration Judge properly noted, consistent with the Court's September 25 Order, the need to consider alternatives to detention and Mr. Martinez's ability to pay and that it was incumbent upon the Government to establish Mr. Martinez's dangerousness or risk of flight by clear and convincing evidence in order to justify his continued detention. *See id.* at 4. Counsel for the Department of Homeland Security filed a submission of documentary evidence for the Immigration Judge to review consisting of criminal court documents relating to Mr. Martinez's arrests in 1999, 2007, 2008, 2014, and 2018; the April 2020 Immigration Judge decisions denying bond and denying Mr. Martinez's application for cancellation of removal; the BIA's subsequent dismissal of Mr. Martinez's bond appeal in September 2020; and Mr. Martinez's RAP sheet. *See* Dkt. No. 16-2. Mr. Martinez's counsel noted at the hearing that Mr. Martinez's most recent 2018 arrest was pending on direct appeal and objected to consideration of the RAP sheet. *See* Dkt. No. 16-1 at 21–22. Counsel also noted that Mr. Martinez's appeal of the denial of his EOIR-42B application was currently pending before the BIA. *See id.* at 20. Mr. Martinez's counsel then submitted documentary evidence of letters of support from Mr. Martinez's family, friends, employers, and officers at the Orange County Correctional Facility; drawings and letters by Mr. Martinez's children; a psychological evaluation of his children; prior rehabilitative programs and community college enrollment; a release plan by a social worker; documentation of health issues while detained; and Mr. Martinez's 1995 border crossing card. *See* Dkt. No. 16-3.

After hearing argument by the parties, the Immigration Judge issued an oral decision, finding that the government had not met its burden to prove by clear and convincing evidence

that Mr. Martinez was a danger to the community but that it had met its burden as to flight risk. *See* Dkt. No. 16-1 at 59–60.  The Immigration Judge noted the factors in Petitioner's favor— including his long-standing ties and family in the United States, his work history, and his evident cooperation while detained.  He also noted Mr. Martinez's criminal history, while acknowledging that Petitioner had shown signs of rehabilitation.  *See id.* at 60.  He explained, however, even in the face of the positive factors, the fact that immigration relief had been denied, "although on appeal," was "an overwhelming negative factor" that "presents a significant flight risk that cannot be ameliorated by anything less than detention."  *See id.* at 60–61.

That same day the Immigration Judge also issued a written decision.  *See generally* Dkt. No. 16-4.  In this decision, the Immigration Judge again noted the many factors in Mr. Martinez's favor—his "relatively long residence, strong family ties in the United States, three United States children, . . . proof of employment in the United States," letters from family, friends, and past employers, and evidence of rehabilitative programs.  *Id.* at 6–7.  However, the Immigration Judge found that the negative factors outweighed these positive factors in finding that the government had met its burden to prove by clear and convincing evidence that Mr. Martinez posed a flight risk.  *See id.* at 7.  In particular, the Immigration Judge considered Mr. Martinez's manner of entry and that Mr. Martinez's pending appeal did not "mitigate[] the risk of flight in light of the weighty countervailing factors."  *Id.*  Finally, the Immigration Judge explained that the "extreme flight risk presented in this case" merited denial of detention alternatives.  *Id.* at 8.

On November 5, 2020, Mr. Martinez filed the motion now before the Court. This motion is styled as a motion to enforce this Court's September 25, 2020 Order and requests that the Court order Mr. Martinez's immediate release due to the Immigration Judge's failure to apply a

clear and convincing standard of review. *See generally* Dkt. No. 16. Specifically, Mr. Martinez argues that the evidence relied upon by the Immigration Judge was insufficient as a matter of law to establish that Mr. Martinez is a risk of flight by clear and convincing evidence. *See id.* at 13. Mr. Martinez further argues that the Immigration Judge failed to consider alternatives to detention. *See id.* at 17.[1]

For the reasons that follow, Mr. Martinez's motion is DENIED.

## II.   DISCUSSION

"As a general rule, once a federal court has entered judgment, it has ancillary jurisdiction over subsequent proceedings necessary to vindicate its authority[] and effectuate its decrees . . . [including] to enforce the judgment." *Dulce v. Dulce*, 233 F.3d 143, 146 (2d Cir. 2000) (internal quotation marks and citation omitted). While this court retains jurisdiction to review whether Mr. Martinez has "received the due process to which he [is] entitled," *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020), this Court does not have jurisdiction to review any discretionary judgment of the Immigration Judge with respect to the bond determination, *see* 8 U.S.C. § 1226(e).

As discussed above, Mr. Martinez argues that the Immigration Judge incorrectly applied the clear and convincing standard—and thus failed to comply with this Court's Order—because the evidence was insufficient, as a matter of law, to support a finding of flight risk. In reviewing this motion, "it is important to emphasize that the Court's task is narrow: it is to determine whether Respondent[s] complied with the [Opinion] and Order, not to review the hearing evidence de novo[.]" *Blandon v. Barr*, 434 F. Supp. 3d 30, 38 (W.D.N.Y. 2020) (quoting

---

[1] Mr. Martinez does not argue that the Immigration Judge failed to consider his ability to pay. *See* Dkt. No. 16-1 at 31 (IJ considering ability to pay).

*Apollinaire v. Barr*, No. 19-cv-6285 (FPG), 2019 WL 4023560, at *3 (W.D.N.Y. Aug. 27,

2019)).  Indeed, the Court is "mindful of [its] obligation to afford . . . a degree of deference to the

[factfinder's] determinations," *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 240 (W.D.N.Y.

2019) (internal quotation marks omitted) (alterations in original), and approaches the issue raised

by Mr. Martinez with care, so as "not to overstep its bounds and set aside an immigration judge's

bond determination on discretionary or evidentiary grounds," *Nguti v. Sessions*, No. 16-cv-6703

(LJV), 2017 WL 5891328, at *2 (W.D.N.Y. Nov. 29, 2017).

The key inquiry here is whether during Mr. Martinez's bond hearing the Immigration

Judge "relied upon proof that *could not possibly establish* by clear and convincing evidence—as

a matter of law—that" Petitioner] was a flight risk.  *Blandon*, 434 F. Supp. 3d at 38 (emphasis

added) (quoting *Nguti*, 2017 WL 5891328, at *2); *see also Apollinaire*, 2019 WL 4023560, at *3.

"[C]lear and convincing evidence . . . means something more than preponderance of the

evidence, and something less than beyond a reasonable doubt."  *United States v. Chimurenga*,

760 F.2d 400, 405 (2d Cir. 1985) (internal quotation marks and citation omitted).

The Court concludes that the Immigration Judge did comply with its Order as it is evident

from the hearing transcript and written decision that the Immigration Judge placed the burden on

the government to prove flight risk by clear and convincing evidence.  *See, e.g.*, Dkt. 16-1 at 4;

Dkt. No. 16-4, at 4.  In applying this standard, the Immigration Judge "reviewed the evidence,

heard arguments from both sides, and came to a legally permissible conclusion in light of the

available evidence." *Apollinaire*, 2019 WL 4023560, at *3.  The IJ acknowledged the "positive

factors in this case" but found that they were "not sufficient to overcome the extremely high

flight risk."  Dkt. No. 16-1 at 61.  In particular, the IJ considered Mr. Martinez's "prior criminal

misconduct," the prior denial of relief, Mr. Martinez's manner of entry, and the merits of the

pending appeal. *Id.*; Dkt. No. 16-4 at 7.  Reweighing these factors would take this Court outside

its limited jurisdiction. *See* 8 U.S.C. § 1226(e).

Mr. Martinez's counterarguments do not compel a contrary conclusion.  He argues that

the Immigration Judge incorrectly stated that an appeal was pending in the Second Circuit and

that it was impermissible to consider Mr. Martinez's prior bond hearing and Mr. Martinez's ties

to the U.S. as militating in favor of finding Petitioner a flight risk. *See generally* Dkt. No. 16.

The Court acknowledges that the IJ's written decision may demonstrate some confusion as to the

state of Mr. Martinez's appeal at the time.  As noted by Petitioner, the IJ stated multiple times in

its written decision that an appeal was pending in the Second Circuit, when in reality, Mr.

Martinez did not file his appeal with the Second Circuit until after the IJ's written decision

issued. *See* Dkt. No. 16-4 at 7; *see also Martinez Roman v. Barr*, No. 20-3476 (2d Cir.).

However, in considering whether the Government's evidence "*could not possibly establish* by

clear and convincing evidence" that Mr. Martinez was a flight risk, this apparent mistake falls

short. *Blandon*, 434 F. Supp. 3d at 38 (emphasis added).  The hearing transcript and written

decision reveal that the IJ was aware, at a minimum, that Mr. Martinez's merits application had

been previously denied and the final outcome was pending.  Indeed, in multiple places the IJ

appeared aware that this appeal was pending before the BIA rather than the Second Circuit. *See*

Dkt. No. 16-4 at 3 n.1 (noting Mr. Martinez's appeal "remain[ed] pending" "with the BIA");

Dkt. No. 16-1 at 60–61 (noting the pending appeal); *see also* Dkt. No. 16-1 at 14 (counsel for

Mr. Martinez explaining the "strong appeal" pending with the BIA), 36 (DHS counsel clarifying

that appeal is pending with the BIA).  Although the written decision's error regarding the state of

the Second Circuit appeal is concerning, it does not demonstrate a failure to comply with this

Court's Order to place the burden on the government.

Such is the case as well with the IJ's apparent reliance on Mr. Martinez's prior bond determination and on Mr. Martinez's ties to the U.S. as a factor militating in favor of finding him a flight risk. *See* Dkt. No. 16-1 at 60 (noting that "in prior hearings on bond, bond was denied") Dkt. No. 16-4 at 7 (written decision noting that Mr. Martinez's community ties "support the Court's finding that [Mr. Martinez] is likely to flee where it is apparent his main support structure is in the U.S. rather than in Mexico"). *But see* Dkt. No. 16-1 at 61 (oral decision noting that "[o]n the positive side, the respondent has showed family ties, ties to the community . . ."). To take issue with the IJ's reliance on these factors would amount to impermissibly reweighing the IJ's view of the evidence. *See* 8 U.S.C. § 1226(e). In any event, these factors appear to have played a minimal role in the IJ's calculation and were considered alongside Mr. Martinez's prior denial of relief, manner of entry, and criminal history in finding that the government had met its burden of proving flight risk. Dkt. No. 16-1 at 61; Dkt. No. 16-4 at 7.

Mr. Martinez's final claim that the Immigration Judge failed to "meaningfully" consider alternatives to detention is similarly unavailing. The Immigration Judge clearly considered alternatives in both its oral decision and written decision. *See* Dkt. No. 16-1 at 61; Dkt. No. 16-4 at 8. That Mr. Martinez disagrees with the outcome of the Immigration Judge's determination is to take issue with a discretionary judgment and thus outside the scope of this Court's limited review. *See* 8 U.S.C. § 1226(e).

In sum, the Court concludes that the Immigration Judge complied with the September 25 Order. Accordingly, Mr. Martinez's motion is denied.

III.    **CONCLUSION**

Mr. Martinez's motion to enforce is DENIED. This resolves Dkt. No. 15.

SO ORDERED.

Dated: July 27, 2021
     New York, New York

_____
ALISON J. NATHAN
United States District Judge